**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Pamela Paaso
Assistant U.S. Attorney
pamela.paaso@usdoj.gov
(503) 727-1000

**DEPARTMENT OF JUSTICE**
United States Attorney's Office
United States Attorney
Scott E. Bradford
District of Oregon

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

July 31, 2026

Ellie Riegel and Michael Charles Benson
Officer of the Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR 97204

Re: *United States v. Summer Shepherd,* Case No. 3:25-CR-00507-AB
Plea Agreement Letter

Dear Counsel:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and Defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**: Defendant agrees to plead guilty to Count One of the Superseding Information, Willfully Injuring or Committing Any Depredation Against Property of the United States, in violation of Title 18, United States Code, Section 1361 (a Class A misdemeanor).

3. **Penalties**: Count One (Class A misdemeanor) carries a maximum sentence of one year of imprisonment, a fine of up to $100,000, up to five years' probation, and a $25 special assessment. Defendant agrees to pay the special assessment by the time of entry of guilty plea or explain to the Court why this cannot be done. Defendant further stipulates to the restitution as set forth below.

4. **Immigration:** Defendant understands that if the defendant is not a citizen of the United States, defendant's guilty plea and conviction make it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant acknowledges and agrees that defendant's attorney has explained this and that defendant still wants to plead guilty.

5. **Dismissal/No Prosecution**: The USAO agrees to dismiss any remaining charges and to not to bring additional charges against the defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

6. **Elements and Factual Basis:** In order for defendant to be found guilty of Count One, the government must prove the following elements beyond a reasonable doubt:

**Count One:**

1. First, that the defendant injured, damaged, or destroyed property owned or leased by the United States.
2. Second, that the defendant did so willfully

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crimes to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty pleas. The following facts are true and undisputed:

> On the morning of November 23, 2025, Immigration and Customs Enforcement (ICE) and Enforcement and Removal Operations (ERO) Teams arrested an individual in a parking lot in Tigard, Oregon. After the arrest, the defendant pulled up in a vehicle and began yelling profanities such as "what the fuck are you doing here!? Fuck you ICE! Get the fuck out of my city!" while approaching the agents. The officers were able to deescalate the situation by giving verbal commands to the defendant. As the officers began to leave, the defendant approached the AV1's vehicle and struck it with her hand, causing a dent that resulted in damage. The damage did not exceed $1,000. The above events occurred within the District of Oregon.

7. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

8. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that she fully admits and accepts responsibility under USSG § 3E1.1 for her unlawful conduct in this case. If defendant does so, the USAO will recommend a two-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9. **Sentencing Recommendation**: Provided defendant agrees to resolve her case and demonstrates an acceptance of responsibility as described above, the government will agree to recommend two-year term of probation. The defendant is free to recommend any sentence within the applicable guideline, as a reasonable sentence under the factors listed in 18 U.S.C. Section 3553(a).

10. **Additional Departures, Adjustments, or Variances**: The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement. Defendant may not seek any downward departures, adjustments, or variances from the sentencing guideline range.

11. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that any of defendant's convictions under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

12. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the recommendations of the parties.

13. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

14. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, commits any new criminal offenses, absconds or fails to appear for any hearing, or fails to report as directed by a supervising officer between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

15. **Restitution:** Defendant agrees to pay restitution related to damage to the door of the vehicle. Additionally, Defendant agrees to pay the victim for any medical costs related to the injuries sustained from the incident.

Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the USAO and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the USAO to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the USAO to access records to verify the financial information. Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

Pursuant to 18 U.S.C. § 3663A, Defendant agrees to pay full and complete restitution to the charged victim as a condition of any sentence imposed in this matter. Furthermore, defendant agrees to pay restitution for all losses caused by defendant's conduct, regardless of whether counts of the Indictment dealing with such losses will be dismissed as part of this plea agreement or will not be pursued in a future Indictment pursuant to this plea agreement.

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the USAO of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not

limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

16. **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

17. **Deadline**: This plea offer expires if not accepted by **August 14, 2026**, at 5:00 p.m.

Sincerely,

SCOTT E. BRADFORD
United States Attorney

/s/ *Arin C. Heinz*
Arin C. Heinz
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

09/02/26
Date

Summer Shepherd, Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

9/2/26
Date

Ellie Riegel, Attorney for Defendant