Ellie Riegel, OSB #221879
Assistant Federal Public Defender
Email: Ellie_Riegel@fd.org
101 SW Main Street, Suite 1700
Portland, OR 97204
Tel: (503) 326-2123
Attorney for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

UNITED STATES OF AMERICA,

Plaintiff,

v.

SUMMER SHEPHERD,

Defendant.

Case No. 3:25-cr-00507-AR-1

DEFENDANT'S SENTENCING MEMORANDUM

Defendant, Summer Shepherd, through her counsel Ellie Riegel and Michael Benson, respectfully submits this Memorandum for the Court's review and consideration in determining a reasonable sentence that is "sufficient, but not greater than necessary," as required by 18 U.S.C. § 3553(a).

On September 2, 2026, Ms. Shepherd pleaded guilty to Count One of the Superseding Information, Willfully Injuring or Committing Any Depredation Against Property of the United States, in violation of Title 18, United States Code, Section 1361 (a Class A misdemeanor). A sentencing hearing is currently scheduled for September 22, 2026.

## I. Applicable Law and Requested Sentence

As the Supreme Court notes, there are four identified purposes to sentencing: just punishment, deterrence, protection of the public, and rehabilitation. *Dean v. United States*, 137 S. Ct. 1170, 1175 (2017); 18 U.S.C. 3553(a)(2)(A)-(D). Meanwhile, all four sentencing purposes must be considered in light of the "parsimony principle, a broad command that instructs courts to 'impose a sentence that is sufficient, but not greater than necessary, to comply with' the four identified purposes of sentencing[.]" *Id*. (citing 18 U.S.C. § 3553(a)).

In arriving at a sentence that is sufficient but not greater than necessary, 18 U.S.C. § 3553(a) requires a court to consider the nature and circumstances of the offense, the history and characteristics of a defendant, the kinds of sentences available, and the sentencing range established by the advisory United States Sentencing Guidelines. 18 U.S.C. § 3553(a)(1), (3)-(7); *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *United States v. Booker*, 543 U.S. 220 (2005).

In light of these factors, Ms. Shepherd respectfully asks this Court to sentence her to one year of probation, with the condition that her term of probation will terminate when restitution (if ordered) is paid. This sentence is sufficient, but not greater than necessary to comply with the goals of § 3553(a).

## II. Restitution

The government requests restitution based on an estimate for a series of repairs suggested for the vehicle. This service vehicle, likely due to hard use, required about nineteen total hours of repairs according to the report, as well as new paint to the fender, the front and rear doors, and the quarter panel. The estimate does not break down exactly what part is required to repair the

dent, but the government appears to read the front door shell repair as being due to the dent. The government concedes that the majority of the damage to the vehicle is unrelated to this case.

The problem with the government's submission is that this is an *estimate* of repairs that one could elect to undertake. As far as Ms. Shepherd is aware, no repairs were actually made to the vehicle. That the government elected not to conduct cosmetic repairs to a utility vehicle that already had sustained thousands of dollars of cosmetic damage is not terribly surprising.

Restitution is intended to cover tangible, provable losses and not hypothetical ones. While the Mandatory Victims Restitution Act (MVRA), codified as 18 U.S.C. § 3663A, changed whether the Court may consider the defendants economic circumstances, it is "identical in all important respects" to its predecessor the Victim and Witness Protection Act (VWPA), codified as 18 U.S.C. § 3663, and trial courts can "rely on cases" interpreting that statute as precedent. *United States v. Gordon*, 393 F.3d 1044, 1048 (9th Cir. 2004). It is well settled that a restitution order must be "limited to the victim's *actual losses*." *United States v. Bussell*, 504 F.3d 956, 964 (9th Cir. 2007) (emphasis in original). A restitution order is also limited to "losses directly resulting from a defendant's offense." *United States v. Stoddard*, 150 F.3d 1140, 1147 (9th Cir. 1998) (quoting *United States v. Sablan*, 92 F.3d 865, 980 (9th Cir. 1996)). When damages or injuries are caused by multiple events, restitution must be disaggregated to account for the individual contribution of the particular defendant being sentenced. *United States v. Galan*, 804 F.3d 1287, 1291 (9th Cir. 2015).

The Tenth Circuit considered the issue of hypothetical damages in the context of damage to an archeological site in *United States v. Quarrell*, 310 F.3d 664 (10th Cir. 2002). The government had requested damages based on the damage to the site's archeological value. The Tenth Circuit determined that a court cannot base restitution on archeological value because it

"requires the court to speculate on the cost of a hypothetical dig that may never have occurred." *Id*. at 680.

Here the government asks the Court to speculate on the hypothetical cost of a repair that never occurred. Given that repairs were never conducted on the vehicle, the estimated repair value is not the actual loss the government incurred. Instead, the restitution should be limited to the diminishment in resale value to the vehicle caused by the additional damage of the dented door. The government has not yet provided any proof of the diminution in value of the vehicle.

**Conclusion**

This Court should order restitution to include the actual loss to the government as documented at the sentencing hearing. Ms. Shepherd's period of probation should terminate upon her payment of the restitution in order in full. The parties agree that no sentence of incarceration is necessary in this matter.

Dated: September 16, 2026.

*s/ Ellie Riegel*
Ellie Riegel, OSB #221879

*s/ Michael Benson*
Michael Benson, AKB #1311070